IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1997 SESSION



FILED

January 15, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE            )
                             )    NO. 03C01-9612-CR-00450
         Appellant,          )
                             )    CUMBERLAND COUNTY
v.                           )
                             )    Hon. Leon C. Burns, Jr., Judge
DAREL G. BOLIN               )
                             )    (Post Conviction)
         Appellee.           )
                             )
                             )

For the Appellant                    For the Appellee

Charles W. Burson                    Joe L. Finley, Jr.
Attorney General & Reporter          Assistant Public Defender
                                     215 Reagan Street
Michael J. Fahey, II                 Cookeville, TN. 38501
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN. 37243-0493

William Edward Gibson
145 South Jefferson Avenue
Cookeville, TN. 38501-3424

David A. Patterson
Assistant District Attorney General
145 South Jefferson Avenue
Cookeville, TN. 38501-3424

OPINION FILED:_____

REVERSED AND REMANDED

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, State of Tennessee, appeals the Cumberland County Criminal Court's decision to grant post-conviction relief to the defendant, Darel G. Bolin. After a jury trial in 1992, the defendant was convicted of aggravated sexual battery and was sentenced as a Range I standard offender to twelve years in the Tennessee Department of Correction.[1] The defendant, thereafter, filed a direct appeal to this Court and we affirmed his conviction. See State v. Darel G. Bolin, No. 03C01-9407-CR-00269 (Tenn. Crim. App. at Knoxville, April 18, 1995).[2]

After a careful review of the record, we reverse the trial court's order granting the defendant's petition for post-conviction relief.

In his post-conviction petition, defendant challenged the validity of the indictment charging him with aggravated rape. He argued that the indictment was fatally deficient in failing to include the requisite *mens rea* for the aggravated rape offense. The trial court followed this Court's decision in State v. Roger Dale Hill, Sr.,[3] and granted post-conviction relief.

Our supreme court, however, has recently reversed the decision in Hill. See State v. Roger Dale Hill, No. 01S01-9701-CC-0005 (Tenn. at Nashville, Nov. 3, 1997). The Court recognized that modern statutory codes serve to avoid the hypertechnical requirement of common law pleading. Therefore, as reasoned by the Court, an omission of the *mens rea* element from an offense is not always fatal to the indictment. Slip op. at 5-6. The Court held that an indictment is legally sufficient if: (1) Its language satisfies the constitutional requirement of notice to the accused, (2) Its form meets the requirements set forth in Tennessee Code Annotated section 40-13-

---

[1]The defendant was originally indicted by the Cumberland County Grand Jury for the offense of aggravated rape. The jury, however, convicted him of the lesser offense of aggravated sexual battery.

[2]The supreme court granted defendant's petition for permission to appeal and affirmed his conviction. See State v. Bolin, 922 S.W.2d 870, 875 (Tenn. 1996).

[3]No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, June 20, 1996), *per. app. granted* (Tenn. 1996).

202 (Supp. 1996),[4] and (3) The requisite mental state can be logically inferred from the alleged criminal conduct. Slip op. at 3.

The indictment in this case is virtually identical to the indictment in <u>Hill</u>. Its states in pertinent part:

> The Grand Jurors for the State of Tennessee, upon their oath present that Darel G. Bolin, a/k/a Darl G. Bolin, on several occasions during the past three (3) years, in Cumberland County, Tennessee, and before the finding of this indictment, did unlawfully sexually penetrate [K.N.], a person less than thirteen (13) years of age, in violation of T.C.A. 39-13-502 (a)(4), and against the peace and dignity of the State of Tennessee.

Following the supreme court's decision in <u>Hill</u>, we find that the *mens rea* element can be inferred from the indictment language charging the defendant with aggravated rape. Moreover, the indictment sets forth the facts constituting the offense and provides the defendant with sufficient notice of the charges as mandated by our constitution. Accordingly, we conclude that the indictment is valid.

Based upon the foregoing, the trial court's order of post-conviction relief is reversed and the case is remanded to the trial court to reinstate the defendant's conviction and sentence in accordance with this opinion.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:


_____
GARY R. WADE, JUDGE


_____
PAUL G. SUMMERS, JUDGE

---

[4]Under Tennessee Code Annotated section 40-13-202 (Supp. 1996), an indictment must state the charged offense in ordinary and concise language that will provide the accused with a common understanding and will enable the trial court to enter a proper judgment.

3